Doniphan *v.* Paxton.

DONIPHAN & BALDWIN, Appellants, *vs.* PAXTON, Respondent.

1. A mortgage with power of sale provided that the money arising from a sale should be applied to the payment of the debts mentioned in the deed, and the surplus, if any, should be paid *to the grantor or his order.* At the foot of the deed was this memorandum, proved to have been made before execution, at the request of the grantor : " I also owe P. F. $400 and A. K. $200, with interest, which are to be paid and made liens with the above." *Held,* the memorandum was to be taken as part of the deed, and had the effect to make the demands of P. F. and A. K. liens upon the surplus.
2. Where P. F. proved an indebtedness to the amount secured by the deed, and claimed nothing more, in a controversy between him and a subsequent incumbrancer, *it was held* immaterial whether the note presented by him as evidence of the debt imported on its face a valuable consideration or a gratuity.

### *Appeal from Platte Circuit Court.*

This was a motion filed by Doniphan & Baldwin upon the report of William M. Paxton, trustee, appointed to manage the estate of John Florish, an imprisoned convict, under the tenth article of the act concerning " Practice and Proceedings in Criminal Cases," (R. C. 1845.) The trustee reported that the assets of the convict consisted of the proceeds of the sale of a tract of land amounting to $3000, and that he had allowed debts against the estate, to the amount of $4008 92, of which $3675 92 were liens on the land. Among the debts reported as liens was one to Bird, Doniphan & Rees, for $1000, secured by a mortgage with power of sale, dated November 28, 1851; one to Peter Florish for $400, and one to A. Kern, for $212, secured by the same deed, and one to the appellants, Doniphan & Baldwin, for $600, secured by a mortgage of subsequent date. The motion was, to postpone the claims of Peter Florish and A. Kern, to the demand of Doniphan & Baldwin, and to disallow altogether the demand of Peter Florish.

On the hearing of the motion, the mortgage to Bird, Doniphan and Rees, with power of sale, dated November 28, 1851, was read in evidence. In this deed, it was provided that, in

case of a sale, the proceeds should be applied, first, to the payment of the indebtedness of $1000 to the grantees, "and, secondly, to the discharge of all liens then remaining on said land, and especially to the three judgments confessed by me in vacation (specifying them) which judgments and the amounts therein specified, I hereby authorize to be paid out of my said land, if not otherwise discharged by me, and *the balance, if any, to be paid over to me, or to my order and direction.*" At the foot of this deed was the following memorandum, proved to have been made at the request of the grantor before execution and acknowledgment : "I also owe Peter Florish four hundred dollars, and Anthony Kern two hundred dollars, with interest, which are to be paid and made liens with the above."

There was also read in evidence a note from John Florish and J. Mettier, to A. Kern, for $212, dated September 13, 1851, payable six months after date, "for value received;" also a translated copy of a note in the German language, from John Florish to Peter Florish, which was in these words :

"Weston, October 16, 1850,

"The undersigned promises his son, Peter Florish, the sum of four hundred dollars, without interest, in two years from to-day, for his interest in my estate. Given as above.

"JOHN FLORISH."

A witness testified that the German word "*erbtheil,*" which was translated "his interest in my estate," means the estate which the child inherits on the death of his parent.

There was evidence that John Florish was indebted to his son, Peter, for two years' labor, at the rate of $200 per annum.

The motion to postpone and disallow was overruled, and the debts to Peter Florish and Kern were ordered to be paid prior to the note to Doniphan & Baldwin. The latter appealed to this court.

*A. Leonard,* for appellants. 1. The memorandum at the foot of the mortgage deed does not constitute the debts embraced in it a lien on the mortgage premises, for want of apt

words to create such a lien. 2. The $400 note to Peter Florish is without consideration—a gratuitous promise of a father to make an advancement to his child—not entitled to payment as a legal right, even against the father, much less against the father's creditors for value. Parol evidence is inadmissible to contradict the note and prove that it was for work done, and not an advancement, as stated in the instrument itself. *Mead* v. *Steger*, 5 Porters' (Ala.) Rep. 503. *Benedict* v. *Lynch*, 1 J. C. R. 380. *Woodbridge* v. *Spooner*, 18 E. C. L. R. 198. 3. The debt allowed to Kern out of the proceeds of the mortgaged property, was a note given by Florish & Mettier for $212 and interest; and not the debt of Florish alone for $200, of which Doniphan & Baldwin had notice through the registry of the instrument that created it, when they acquired their lien.

*W. P. Hall*, for respondent. 1. The note to Peter Florish shows on its face that it was given for a valuable consideration. It is expressed to be given for his *interest* in the estate of John Florish. If he had any such interest, either by deed or contract, the note was given for a valuable consideration. Besides, there was evidence to show that it was given for services, which was admissible. *Dorsey* v. *Haggard*, 5 Mo. 420. *Henderson* v. *Henderson*, 13 ib. 151. *McCrea* v. *Purmort*, 16 Wend. 460. *Duval* v. *Bibb*, 4 Henn. & Mun. 113. 1 Randolph, 219. *Hinds* v. *Longworth*, 11 Wheat. 199. 2. The sum secured by the mortgage is not stated to be on any particular account. Hence they were entitled to it either upon bond, note or open account. 3. The demands of Kern and P. Florish were secured by the eldest mortgage. *Wheeler* v. *Freeman*, 13 Pick. 165. *Heywood* v. *Perrin*, 10 Pick. 228. 10 Pick. 298. *Scott* v. *McCulloch*, 13 Mo. 13. 3 Bibb, 11.

GAMBLE, Judge, delivered the opinion of the court.

1. The deed made by John Florish to Bird, Doniphan & Rees, and which is a mortgage, with power to sell, appears to

be the first incumbrance upon the property sold by the trustee ; and the chief question is, whether that instrument, with a memorandum written at the foot, before it was executed, by which the purpose of the grantor was declared, that the conveyance should stand as security for debts due to Peter Florish and Anthony Kern, had the effect of making those debts an incumbrance upon the property, as against the subsequent incumbrance of Doniphan & Baldwin.

The language employed in the memorandum attached to the deed, shows the purpose of the grantor to secure the debts of Kern and Peter Florish. If that memorandum was a qualification of the terms of the deed, being written upon it at the request of the grantor before it was executed, it is to be taken as a part of the instrument. *Heywood* v. *Perrin*, 10 Pick. 228. *Wheelock* v. *Freeman*, 13 Pick. 165. *Wilson* v. *Headly*, 3 Bibb, 11. *Nichol's Adm'rs* v. *Douglass et al.*, 8 Mo. Rep. 50.

The deed directed that, upon a sale being made, because of the failure to pay the debt to the grantees, Bird, Doniphan & Rees, the money arising from the sale should be first applied to the payment of the expenses, and to the payment of the debt to the grantees, and next, to the payment of other incumbrances, and particularly, three judgments which are specified in the deed, and the balance should be paid to the grantor or his order. The memorandum operates upon this last clause of the deed, and so qualifies it, that the debts mentioned in the memorandum are to be paid out of such surplus. As the conveyance was to Bird, Doniphan & Rees, with power to sell and pay these debts, the grantees became trustees for the benefit of the creditors named in the memorandum, in respect to the surplus, after the payment of the debts previously mentioned in the deed ; and the debts mentioned in the memorandum became liens on the property, taking rank next after the other debts secured by the deed.

2. In respect to the note executed to Peter Florish, there would seem to be no importance in examining the question,

whether it was given for a valuable consideration, or as a gratuity, as it does not appear that the note is claimed of the estate of the convict as a debt separate from that secured by the deed of trust. It appears that there was an indebtedness equal to the amount secured by the deed, for the work and labor of Peter Florish, and, whether that is the debt for which the note was given or not, is not material, if only one sum of $400 is claimed. The note is in the German language, and the translation of it makes the consideration to be, "the interest of Peter Florish in the estate of John Florish." There may have been some previous settlement or contract, under which Peter claimed an interest in property held by John Florish, at the death of John, and which Peter relinquished when he took this note. It may have been that the parties described the consideration in language not precisely adapted to convey an idea of the fact. It is certain that the maker assumed an absolute obligation to pay, and to pay at a fixed day, and that a consideration is stated in a very unusual form. If, upon any supposition, that language can be understood as importing a valuable consideration moving to the father, the note will be understood as being made upon such consideration. But it is not necessary to pursue this discussion, because, by the deed and the evidence, it appears there was an indebtedness for labor, and that that debt amounted to the same sum with the note, and the only debt claimed is of the same amount; therefore, as to that amount, the deed secures Peter Florish.

In respect to the debt to Kern, if the claim is to take priority, according to the memorandum on the deed, it can only be for the sum in that memorandum, and not for a larger sum evidenced by a note. The memorandum states a debt to Kern of $200—a note is produced for $212. The deed stands only as security for $200, as there is no reference in the memorandum to a note.

The decision of the Circuit Court was correct upon the claim of Peter Florish, and was also correct upon that of Kern, in declaring that the debt due to Kern, as stated in the memoran-

dum, is a lien upon the land. The decision of the court does not state that the debt due by the note is a lien, but that "the debts in said memorandum are liens." This decision, when confined to the amounts stated in the memorandum, is correct.

The judgment of the Circuit Court is affirmed, the other judges concurring.